UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JARRATT TURNER, | ) | |
| | ) | |
| Movant, | ) | USDC Case No. 3:19-cv-____ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No. 3:15-cr-93 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Marvin E. Aspen |
| Respondent. | ) | United States District Judge |

### *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW JARRATT TURNER, Movant *pro se,* in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law:

### I. Introduction

Movant Jarratt Turner, ("Mr. Turner"), was deprived of the effective assistance of counsel in connection with his sentencing in this case. Despite

Mr. Turner's well-documented history of psychological problems, mental health issues, treatment and repeated institutionalizations in connection with those mental health issues, and counsel's explicit recognition that a psychological evaluation was necessary, counsel failed to arrange to have Mr. Turner evaluated. This failure deprived Mr. Turner of evidence, essential to this Court's accurate assessment of his culpability, future dangerousness, need for treatment and other salient §3553(a) factors and potential bases for downward departure. Absent counsel's failure there is a reasonable probability that this Court would have imposed a lesser sentence. The sentence should be vacated and Mr. Turner resentenced with the effective assistance of counsel.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may

move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Turner so moves this Court on grounds that his sentence was imposed as a result of proceedings wherein he was denied the effective assistance of counsel.

### III. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not

---

[1] 28 U.S.C. §2255 (emphasis added).

3

entitled to relief."[2] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[3] The Rules authorize, where appropriate and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.[4]

---

[2] *Rule 4(b)* (emphasis added).

[3] *Id.*

[4] *28 U.S.C. §2255.*

## IV. Grounds for Relief

**A.  Ground One:**
**Mr. Turner was Denied the Effective Assistance of Counsel During the Sentencing Hearing and as a Result of Counsel's Failure to Adequately Prepare and Investigate in Preparation for Sentencing**

**[1].  The Applicable Standard**

Claims of ineffective assistance of counsel must satisfy the two-prong test set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense *Id.* at 687. To meet this standard in the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).

5

### [2]. Deficient Performance

Counsel's performance was constitutionally deficient. This court must assess counsel's performance, by "judg[ing] the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. *Strickland* mandates that the court "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and make every effort "to eliminate the distorting effects of hindsight." *Id.* at 689, 104 S.Ct. 2052.

Counsel's constitutional duty to investigate a defendant's background in preparation for sentencing is "well-established." *Coleman v. Mitchell*, 268 F.3d 417, 449 (6th Cir. 2001); *see also Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997). This duty is at its apex when a defendant faces the death penalty, or indeed, as with Mr. Turner, a death by imprisonment in excess of life expectancy sentence. The "prospect of being put to death unless counsel obtains and presents something in mitigation" magnifies counsel's

6

responsibility to investigate. *Mapes v. Coyle*, 171 F.3d 408, 426 (6th Cir. 1999). And notwithstanding the deference *Strickland* requires, neither the Sixth Circuit nor the Supreme Court has hesitated to deem deficient counsel's failure to fulfill this obligation. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 523-28, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (concluding that counsel's failure to expand their investigation of the defendant's personal background, which included physical and sexual abuse, beyond the presentence investigation and Department of Social Services reports constituted constitutionally deficient performance); *Williams v. Taylor*, 529 U.S. 362, 395, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (finding counsel's failure "to conduct an investigation that would have uncovered extensive records graphically describing Williams' nightmarish childhood" deficient); *Carter v. Bell*, 218 F.3d 581, 596-97 (6th Cir. 2000) (concluding that defense counsel's failure to investigate the defendant's family, social, or psychological background "constituted representation at a level below an objective standard of reasonableness").

Accordingly, the "principal concern in deciding whether [counsel]

7

exercised reasonable professional judgment is ... whether the investigation supporting counsel's decision not to [associate an expert to evaluate Mr. Turner and] produce mitigating evidence of [Turner's current and past mental health] was itself reasonable." *Wiggins*, 539 U.S. at 522-23, 123 S.Ct. 2527 (internal quotations and citations omitted). "In assessing counsel's investigation, we must conduct an objective review of their performance, measured for 'reasonableness under prevailing professional norms.' " *Id.* at 523, 123 S.Ct. 2527 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). The standard for defense counsel is set by *Strickland* and measured by the "duties and criteria" set forth by the Sixth Circuit in *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974), and the American Bar Association Standards for the Administration of Criminal Justice. More recent ABA Guidelines, which the United States Supreme Court has recognized as reflecting prevailing professional norms, emphasize that "investigations into mitigating evidence 'should comprise efforts to discover all reasonably available mitigating evidence and evidence to rebut any aggravating evidence that may be

8

introduced by the prosecutor.'" *Wiggins,* 539 U.S. at 524, 123 S.Ct. 2527 (quoting ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases § 11.4.1(C), p. 93 (1989) and adding emphasis).

Guided by the foregoing precedent, the conclusion that Mr. Turner's former counsel's failure to obtain a psychological evaluation – which counsel himself recognized was necessary[5] – rose to the level of deficient performance is inescapable. Clearly, in neglecting to obtain a psychological evaluation, and with it expert insight into Mr. Turner's mental health, counsel failed to conduct a constitutionally adequate investigation. Counsel limited his investigation to internet articles on mental health and medical records as summarized in Mr. Turner's Pre-Sentence Investigation Report ("PSR").[6]

It appears that "[c]ounsel failed to conduct a constitutionally adequate

---

[5] *See Exhibit ("EX") #1, Declaration of Jarratt Turner in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. §2255,* ¶¶ 3, 5–6, [all referenced EX(s) are attached to the contemporaneously submitted Motion to Expand the Record]. Former counsel also conveyed a similar assessment that he "had to get" Mr. Turner evaluated to Turner's mother, Maria Andrews. *See EX #2* ¶3.

[6] *DE # 98, p. 10* (citing National Institute of Mental Health, Bipolar Disorder Overview(August 2017) as available online).

9

pre[-plea] investigation into potential mitigation evidence which, in turn, hampered [counsel's] ability to make strategic choices regarding the [sentencing] proceedings." *Coleman v. Mitchell*, 268 F.3d at 447 n. 15 (internal citation, quotation marks, and alterations omitted). Moreover, this failure deprived Mr. Turner of evidence, essential to this Court's accurate assessment of his culpability, future dangerousness, need for treatment and other salient §3553(a) factors and potential bases for downward departure.

### [3]. Prejudice

For counsel's objectively unreasonable performance to constitute ineffective assistance of counsel, *Strickland* requires a petitioner to prove prejudice "satisfied by showing a reasonable probability that but for such performance the trial outcome would have been different." *Id*. at 452. Mr. Turner thus bears the burden of showing a "probability sufficient to undermine confidence in the outcome," but need not prove that "counsel's unreasonable performance more likely than not altered the outcome in the case." *Id.* (internal quotation marks omitted). "In assessing prejudice, we

10

reweigh the evidence in aggravation against the totality of available mitigating evidence." *Wiggins*, 539 U.S. at 534, 123 S.Ct. 2527.

Had counsel properly investigated the development of mitigation evidence in the form of a psychological evaluation, along the lines set forth in *§IV.A.2., supra*, the likelihood that the mitigating evidence available in this case would have influenced the court is "sufficient to undermine confidence in the outcome" reached at Mr. Turner's sentencing. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. This is true because following a psychological evaluation, the evaluator would have created an expert report and been available to testify concerning Mr. Turner's culpability, future dangerousness, need for treatment and other salient §3553(a) factors and potential bases for downward departure.

Moreover, the evaluation would have allowed for an assessment to be made concerning the likelihood that Mr. Turner would recidivate, based on objective testing and offense/offender characteristics. This potential mitigation evidence would have been particularly influential as it speaks directly to the

11

court's primary concern and reason for rejecting the downward departure sentence sought in this case – Mr. Turner's potential future dangerousness. After hearing Mr. Turner's plea for a sentence of thirty (30) years' imprisonment, the sentencing court made the following statement before imposing the one hundred five (105) year sentence of imprisonment recommended in Mr. Turner's PSR.

> THE COURT: Well, this is one of the cases that I think every judge dreads to be the sentencing judge for. I have no doubt as you stand here before me the sincerity of your words. I am only sorry that your father began this chain that you are passing on to others was not intercepted at a time that would help you.
>
> We have so many cases before the Court where you can trace the defendant's plunge in the hole of criminality and antisocial behavior to parental setting. In that case, in that sense, rather, your case is not unusual. Doesn't make it any less tragic, but not unique.
>
> Giving you the benefit of the doubt with treatment and assuming the sincerity of your words and even the ability that you have to keep the demons away for the rest of your life, I can't give you the sentence that your attorney asked for because, unfortunately, there

are other considerations that are important. If there is a ten percent chance that you out on the streets can revert, act to the type of conduct that put you in this situation in the first place, I can't take that chance. This is not a case where, you know, I could take a chance on a shoplifter or some other petty criminal, even a drug user, chronic drug user, and say gee whiz, there is a ten percent chance, and I am going to let that person out on the street because the consequences, although bad, if he commits a crime again are not so bad that we can't take a risk on that person.

*So if I presume that there is a 90 percent chance that you will never get in trouble again in a case like this involving innocent children whose lives can be ruined just the way your life was ruined by somebody else who did the same thing to you, I can't take a chance on it because one of the goals of sentencing is to protect society.* And I am not talking about to deter other people from committing the same crime. That's called general deterrence. Neither have been talking about specific deterrence to defer you from committing the crime. *I am talking simply about protecting society.*

The Probation Department's recommendation under these circumstances is harsh but not unreasonable and is appropriate.

[DE #120, pp. 18-19].

13

As the foregoing excerpt from Mr. Turner's sentencing indicates, the court accepted the sincerity of Mr. Turner's desire for and amenability to rehabilitation, but was unconvinced that society could be adequately protected from the risk of Turner's potential recidivism. Thus, counsel's deficient performance described in §IV.A.2, *supra*, which deprived Mr. Turner of evidence which would have specifically spoken to this concern, resulted in a presumptively longer term of imprisonment and is prejudicial within the meaning of *Strickland* as applied in *Glover, supra*.

## V. Prayer for Relief

Mr. Turner was deprived of rights guaranteed by the Sixth Amendment to the United States Constitution in connection with his sentencing in this case. Mr. Turner seeks to vindicate that right in this Court. Mr. Turner has established entitlement to, and respectfully requests the following relief: resentencing, following a proper mitigation investigation, including a psychological evaluation, and with the effective assistance of counsel.

Respectfully submitted this 26 day of August, 2019.

*[signature]*
Jarratt Turner, *ProSe*
Register # 22814-075
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

## VI. Verification

I, Jarratt Turner, verify under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this 26 day of August, 2019.

*[signature]*
Jarratt Turner, *ProSe*
Register # 22814-075
USP Tucson
P.O. Box 24550
Tucson, AZ 85734