IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JARRATT TURNER**,
    Petitioner,               NO.: 3:19-CV-00848
                                            CHIEF JUDGE CRENSHAW
VS

**UNITED STATES OF AMERICA**
    Respondent.
_____/

## AMENDED PETITION

Counsel for Mr. Turner moves this Honorable Court to file an Amended Petition for relief under 28 U.S.C. § 2255, incorporating by reference the original petition and memorandum filed by the Petitioner and supplementing as noted below.

## CASE HISTORY

Mr. Turner was indicted in July of 2015 in a seventeen-count indictment. (D.E.# 11.) He was charged with sixteen counts of coercing a minor to engage in sexually explicit conduct under 18 U.S.C. § 2251(a) and § 2251(d). Count 17 was a transportation of child pornography charge under 18 U.S.C. § 2256(8)(A) and 18 U.S.C. § 2252A(a)(1) and § 2252A(b). All of these charges related to two victims in incidents occurring in 2014 and 2015. Mr. Turner pled guilty to all charges in March 2017 before Senior District Court Judge Marvin Aspen and he was subsequently sentenced in 2018 to a

term of 105 years. A direct appeal to the Sixth Circuit followed (D.E. # 112) where the Appellate Court affirmed Mr. Turner's conviction. (Appeal No: 18-5451, D.E. 122.) The grounds raised on appeal were (1) Whether the sentence was procedurally unreasonable when the district court failed to adequately address all of the 18 U.S.C. § 3553(a) factors and (2) Whether the sentence was substantively unreasonable where the district court gave an unreasonable amount of weight to one §3553(a) factor (protecting the public). Attorney Dumaka Shabazz from the Federal Public Defender's Office represented Mr. Turner at both the district court and appellate levels. Mr. Turner then filed a timely pro se petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on September 26, 2019. (D.E.-Civ- #1.)

## GROUNDS TO VACATE SENTENCE

Counsel has carefully reviewed all of the court records in this matter, conferred with Mr. Turner and researched case law in preparation of filing an amended petition. After doing so Counsel has decided to leave the content of Mr. Turner's original petition (D.E.#1-Civ) as the driving force in this matter with some additions from counsel to help shape Mr. Turner's arguments. In his pro se motion Mr. Turner claims Mr. Shabazz was ineffective when he failed to hire a mental health expert for mitigation at

sentencing. Undersigned counsel is adding a second ground that the failure to hire a mental health expert to advise on filing an insanity defense and the failure to file the insanity defense constituted ineffective assistance of counsel.

A.  Ground One:

**PETITIONER'S TRIAL COUNSEL WAS INEFFECTIVE AS A RESULT OF HIS FAILURE TO INVESTIGATE THE POSSIBILITY OF AN INSANITY DEFENSE AND HIS FAILURE TO ENGAGE THE SERVICES OF A MENTAL HEALTH EXPERT TO ASSIST IN THE INVESTIGATION.**

B.  Ground Two:

**PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF HIS COUNSEL'S FAILURE TO ENGAGE THE SERVICES OF A MENTAL HEALTH EXPERT FOR MITIGATION AT SENTENCING**.

## MEMORANDUM OF LAW

### I. Preliminary Statement

Mr. Turner was deprived of the effective assistance of counsel in connection with his counsel's decision not to investigate the issue of an insanity defense prior to Mr. Turner pleading guilty and similarly not to engage the services of a mental health expert to assist with mitigation at sentencing. Despite Mr. Turner's well-documented history of psychological problems, mental health issues, treatment and repeated institutionalizations

in connection with those mental health issues, and counsel's explicit recognition that a psychological evaluation was necessary, trial counsel failed to arrange to have Mr. Turner evaluated. This failure deprived Mr. Turner of both his ability to seek an insanity defense as well as evidence, essential to this Court's accurate assessment of his culpability, future dangerousness, need for treatment and other salient §3553(a) factors and potential basis for a downward departure at sentencing. Absent counsel's failure there is a reasonable probability that Mr. Turner would have raised a legitimate insanity defense, which a jury would agree with. Regarding the 105-year sentence, having the evaluation and testimony of a mental health expert or multiple mental health experts would have provided the Court with professional opinions beyond trial counsel's presentation that would have had a reasonable probability of convincing the Court to impose a lesser sentence. Consequently, Mr. Turner's conviction and sentence should be vacated.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to

collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Turner so moves this Court on grounds that his sentence was imposed as a result of proceedings wherein he was denied the effective assistance of counsel.

### III. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. (28 U.S.C. §2255). Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. (Rule 4(b)). This Court has already made a finding upon initial review it does not "plainly appear" Petitioner is not entitled to relief. (See D.E.-Civ#5, Order appointing counsel). The Court has ordered the undersigned appointed

counsel to file an amended petition followed by the United States attorney filing an answer, motion, or other response within a fixed time, or to take action the Court may order. Id. The Rules authorize, where appropriate and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that ... the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall resentence him or grant him a new trial or correct the sentence as may appear appropriate. (28 U.S.C. §2255.)

### IV. Grounds for Relief

Mr. Turner was denied the effective assistance of counsel as a result of his counsel's failure to engage the services of a mental health expert to help determine if an insanity defense was appropriate. Counsel was further ineffective when he failed to adequately investigate and prepare for sentencing by not engaging the services of a mental health expert for mitigation. The arguments for both grounds are combined due to their similarity.

### [1]. The Applicable Standard

Claims of ineffective assistance of counsel must satisfy the two-prong test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d (1984). The appropriate standard for ineffective assistance of counsel requires both that the defense attorney was objectively deficient and that there was a reasonable probability that having a competent attorney would have led to a different outcome. *Id.* at 687-89, *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006.) To meet this standard Petitioner would have to show his counsel's failure to explore the possibility of an insanity defense through reasonable investigation, including the use of a qualified mental health expert, rose to the level of constitutionally defective counsel. *Strickland*, 466 U.S. at 690-91, 104 S.Ct. 2052, *Lundgren,* citing *Strickland* at 440 F.3d 769-770. In the context of sentencing, Petitioner must demonstrate a reasonable probability that, but for counsel's errors with respect to failing to engage the services of a mental health expert for mitigation purposes, he would have received a lesser sentence. See *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696,148 L.Ed.2d 604 (2001). *Miller v. Mays*, 879 F. 3d 691 (6th Circuit 2018) (Defense counsel obtained no expert mental-health assistance on the mitigation issue at all,

and the court concluded that he was ineffective.)

**[2]. Deficient Performance**

Counsel's performance was constitutionally deficient. His decision not to obtain a psychiatric evaluation and raise an insanity defense for Mr. Turner demonstrated poor judgment when counsel knew Mr. Turner's mental health history, Mr. Turner's alleged horrific offense conduct, and the likelihood Mr. Turner would be facing a life sentence or more. Trial counsel's failure to obtain an appropriate expert to offer testimony about Petitioner's state of mind at the time at which these offenses occurred falls below the objective standard of reasonableness found in *Strickland*. Trial counsel was appointed in June of 2015 (D.E.-Cr- # 7) and Mr. Turner didn't change his plea until March of 2017 (D.E.-Cr- #81). Counsel had ample time to explore the possibility of an insanity defense and hire a mental health expert to assist in making that decision. According to Mr. Turner, Mr. Shabazz had mentioned obtaining a psychiatric evaluation both before the plea and before sentencing yet he never did so. (D.E.-Civ # 4. Jarratt Turner Affidavit.) Trial counsel's poor judgment was compounded when counsel failed at sentencing to provide the Court with expert testimony regarding mitigation. Trial counsel's presentation at sentencing and the PSR both included information and records concerning Mr. Turner's being abused as a

child as well as other §3553(a) factors. (See D.E.-Cr-#120, April 16, 2018 Sentencing Hearing Transcript). Counsel did not provide the Court with expert testimony or a written evaluation regarding Mr. Turner's propensity for future dangerousness. Counsel will address this issue further in the subsequent section on **prejudice.** (See pp.14-16 below).

This Court must assess trial counsel's performance, by "judg[ing] the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. *Strickland* mandates that the court "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and make every effort "to eliminate the distorting effects of hindsight." *Id*. at 689, 104 S.Ct. 2052. Mr. Turner is not employing hindsight in an attempt to get another bite of the apple. The seriousness of the offense conduct alone should have alerted trial counsel to the need for a mental health expert. Trial counsel should have acted upon his awareness of Mr. Turner's mental health problems early on in the proceedings and should have hired an expert to both assist in determining if an insanity plea was appropriate and if expert mental health mitigation was needed. Failing to do so was objectively ineffective when considering trial counsel's knowledge of Mr. Turner's mental health issues both prior to the change of plea to guilty

and at the sentencing hearing.

Counsel's constitutional duty to investigate the need for an insanity defense as well as a defendant's background in preparation for sentencing is "well-established." *Coleman v. Mitchell*, 268 F.3d 417, 449 (6th Cir. 2001); see also *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *Powell v. Collins,* 332 F.3d 376, 392 (6th Cir. 2003). *Ake v. Oklahoma*, 470 U.S. 68,71, 105 S.Ct. 1087 (1985) ("The State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination . . . .").) *Hill v. Mitchell*, 842 F. 3d 910 (6th Circuit 2016). This duty is at its apex when a defendant faces the death penalty, or indeed, as with Mr. Turner, a death by imprisonment in excess of life expectancy sentence. The "prospect of being put to death unless counsel obtains and presents something in mitigation" magnifies counsel's responsibility to investigate. *Mapes v. Coyle*, 171 F.3d 408, 426 (6th Cir. 1999). And notwithstanding the deference *Strickland* requires, neither the Sixth Circuit nor the Supreme Court has hesitated to deem deficient counsel's failure to fulfill this obligation. See, e.g., *Wiggins v. Smith*, 539 U.S. 510,523-28 / 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (concluding that counsel's failure to expand their investigation of the defendant's personal background, which included physical and sexual abuse, beyond the

presentence investigation and Department of Social Services reports constituted constitutionally deficient performance); *Williams v. Taylor*, 529 U.S. 362, 395,120 S.Ct.1495, 146 L.Ed.2d 389 (2000) (finding counsel's failure "to conduct an investigation that would have uncovered extensive records graphically describing Williams' nightmarish childhood" deficient); *Carter v. Bell*, 218 F.3d 581, 596-97 (6th Cir. 2000) (concluding that defense counsel's failure to investigate the defendant's family, social, or psychological background "constituted representation at a level below an objective standard of reasonableness").

Accordingly, the principal concerns in deciding whether trial counsel exercised reasonable professional judgment is whether the investigation supporting counsel's decision not to associate a mental health expert to evaluate Mr. Turner for an insanity defense and not to produce mitigating evidence from an expert at sentencing was reasonable. *Wiggins,* 539 U.S. at 522-23, 123 S.Ct. 2527 (internal quotations and citations omitted). "In assessing counsel's investigation, we must conduct an objective review of their performance, measured for 'reasonableness under prevailing professional norms.' " Id. at 523, 123 S.Ct. 2527 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). The standard for defense counsel is set by *Strickland* and measured by the "duties and criteria" set forth by the Sixth

Circuit in *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974), and the *American Bar Association Standards for the Administration of Criminal Justice.* More recent ABA Guidelines, which the United States Supreme Court has recognized as reflecting prevailing professional norms, emphasize that "investigations into mitigating evidence should comprise efforts to discover all reasonably available mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.'" *Wiggins*, 539 U.S. at 524, 123 S.Ct. 2527 (quoting ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases §11.4.1(C), p. 93 (1989) and adding emphasis).

Guided by the foregoing precedent, the conclusion that Mr. Turner's former counsel's failure to obtain a psychological evaluation — which trial counsel recognized was necessary — rose to the level of deficient performance is inescapable. (See D.E.-Civ- #1, Declaration of Jarratt Turner in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. §2255, 3, 5-6, [all referenced EX(s) are attached to the contemporaneously submitted Motion to Expand the Record). Mr. Shabazz also conveyed a similar assessment that he "had to get" Mr. Turner evaluated to Turner's mother, Maria Andrews. (See D.E.-Civ #2 T3.) There would have been no down side to trial counsel following through on

his thoughts of obtaining a psychiatric evaluation yet there was the significant possibility of a huge upside for Mr. Turner had a mental health expert determined Mr. Turner was insane at the time he committed the offense. Regarding the sentencing mitigation, neglecting to obtain a psychological evaluation, and with it expert insight into Mr. Turner's mental health, constituted a failure to conduct a constitutionally adequate investigation. Counsel limited his investigation to Internet articles on mental health and medical records as summarized in Mr. Turner's Pre-Sentence Investigation Report ("PSR"). (DE # 98, p. 10 citing National Institute of Mental Health, Bipolar Disorder Overview (August 2017) as available online).

It appears that counsel failed to conduct a constitutionally adequate pre-plea investigation into an insanity defense and potential mitigation evidence which, in turn, hampered his ability to make strategic choices regarding the trial and sentencing proceedings." Coleman v. Mitchell, 268 F.3d at 447 n. 15 (internal citation, quotation marks, and alterations omitted). Moreover, this failure deprived Mr. Turner of evidence, essential to this Court's accurate assessment of his culpability, future dangerousness, need for treatment and other salient §3553(a) factors and potential bases for downward departure.

### [4]. Prejudice

For trial counsel's objectively unreasonable performance to constitute ineffective assistance of counsel, *Strickland* requires a petitioner to prove prejudice "satisfied by showing a reasonable probability that but for such performance the trial outcome would have been different." *Id*. at 452. Mr. Turner bears the burden of showing a "probability sufficient to undermine confidence in the outcome," but need not prove that "counsel's unreasonable performance more likely than not altered the outcome in the case." *Id*. (internal quotation marks omitted). "In assessing prejudice, we reweigh the evidence in aggravation against the totality of available mitigating evidence." *Wiggins*, 539 U.S. at 534, 123 S.Ct. 2527.

Had counsel properly investigated the development of an insanity defense and mitigation evidence in the form of a psychological evaluation, along the lines set forth in §IV.A.2. supra; the likelihood is that an insanity defense as well as mitigating evidence available in this case would probably have influenced a jury at trial and the court at sentencing and would have been sufficient to undermine confidence in the outcomes reached in Mr. Turner's district court proceedings. See *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. This is true because following a psychological evaluation, the evaluator would have created an expert report and been available to testify

concerning Mr. Turner's state of mind at the time he committed the offense (insanity defense) and Mr. Turner's culpability, propensity for future dangerousness, the need for treatment and other salient §3553(a) factors and potential bases for downward departure at sentencing.

Had trial counsel raised an insanity defense at a trial supported by the expert opinion of a mental health expert there is a reasonable probability a jury would have found him not guilty. Rather than enduring a 105-year sentence in prison, a true death sentence; Mr. Turner could have been confined to a federal mental health facility and reside there until such time, if ever, it was determined his mental health was no longer a danger to the community. The federal law that governs the practice of committing people who are acquitted because of mental illness dictates that they be hospitalized until they're deemed safe to release to the public, no matter how long that takes. (See 18 U.S.C. §4243). Certainly that would have been a better outcome for Mr. Turner.

Regarding sentencing, a psychiatric evaluation would have allowed for an assessment to be made concerning the likeliness or not that Mr. Turner would recidivate, **based on objective testing** and offense/offender characteristics. (Emphasis added.) This potential mitigation evidence would have been particularly influential as it speaks directly to Judge Aspen's

primary concern and reason for rejecting the downward departure sentence sought in this case - Mr. Turner's potential future dangerousness. After hearing Mr. Turner's plea for a sentence of thirty (30) years' imprisonment, the sentencing court made the following statement before imposing the one hundred five (105) year sentence of imprisonment recommended in Mr. Turner's PSR.

> "THE COURT: Well, this is one of the cases that I think every judge dreads to be the sentencing judge for. I have no doubt as you stand here before me the sincerity of your words. I am only sorry that your began this chain that you are passing on to others was not intercepted at a time that would help you.
>
> We have so many cases before the Court where you can trace the defendant's plunge in the hole of criminality and antisocial behavior to parental setting. In that case, in that sense, rather, your case is not unusual. Doesn't make it any less tragic, but not unique.
>
> Giving you the benefit of the doubt with treatment and assuming the sincerity of your words and even the ability that you have to keep the demons away for the rest of your life, I can't give you the sentence that your attorney asked for because, unfortunately, there are other considerations that are important. If there is a ten percent chance that you out on the streets can revert, act to the type of conduct that put you in this situation in the first place, I can't take that chance. This is not a case where, you know, I could take a chance on a shoplifter or some other petty criminal, even a drug user, chronic drug user, and gee whiz, there is a ten percent chance, and I am going to let that person out on the street because the consequences, although bad, if he commits a crime again are not so bad that we can't take a risk on that person.
>
> So if I presume that there is a 90 percent chance that you will never get in trouble again in a case like this involving innocent children whose lives can be ruined just the way your life was ruined by

somebody else who did the same thing to you, I can't take a chance on it because one of the goals of sentencing is to protect society. And I am not talking about to deter other people from committing the same crime. That's called general deterrence. Neither have been talking about specific deterrence to defer you from committing the crime. I am talking simply about protecting society. The Probation Department's recommendation under these circumstances is harsh but not unreasonable and is appropriate." (DE #120, pp. 18-191.)

As the foregoing excerpt from Mr. Turner's sentencing indicates, the Court accepted the sincerity of Mr. Turner's desire for and amenability to rehabilitation, but was unconvinced that society could be adequately protected from the risk of Mr. Turner's potential recidivism. Counsel's deficient performance as described in §IV.A.2, supra, which deprived Mr. Turner of evidence which would have specifically spoken to this concern, resulted in a presumptively longer term of imprisonment and is prejudicial within the meaning of *Strickland* as applied in *Glover*, supra.

## Prayer for Relief

Mr. Turner was deprived of rights guaranteed by the Sixth Amendment to the United States Constitution in connection with his representation in this case. He seeks to vindicate those rights in this Court. Mr. Turner has established entitlement to, and respectfully requests the following relief: First and foremost vacating his guilty plea. If that relief is denied petitioner seeks a resentencing with a proper mitigation investigation,

a psychological evaluation and effective assistance of counsel.

                    Respectfully Submitted,

                    /S/ LAWRENCE J. ARNKOFF
**LAWRENCE J. ARNKOFF**
**TENNESSEE BAR # 026140**
**ATTORNEY FOR DEFENDANT**
Larnkoff@Bellsouth.net
**9103 BRENT MEADE BLVD**
**BRENTWOOD TN 37027**
**TEL: 615 973 4570, FAX: 615 371 5327**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Amended §2255 Petition was filed in the ECF system and a copy was provided to AUSA Brent Hannafan, AUSA S.Carran Daughtrey and a copy was mailed to Mr. Turner at the USP Tucson, P.O. Box 24550, Tucson Arizona 85736 this 30th day of July 2020.

                    Respectfully Submitted,

                    /S/ LAWRENCE J. ARNKOFF
**LAWRENCE J. ARNKOFF**
**TENNESSEE BAR # 026140**
**ATTORNEY FOR DEFENDANT**
Larnkoff@Bellsouth.net
**9103 BRENT MEADE BLVD**
**BRENTWOOD TN 37027**
**TEL: 615 973 4570, FAX: 615 371 5327**