UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JARRATT TURNER, | CHIEF JUDGE CRENSHAW |
| Petitioner | NO. 3:19-cv-00848 |

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

**PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE
IN OPPOSITION TO HIS PETITION PURSUANT TO 28 U.S.C. §2255**

    The petitioner Jarratt Turner by and through his undersigned counsel respectfully files this Reply to the Government's Response in Opposition to his petition for relief under 28 U.S.C. §2255. Counsel would respond to the well-crafted argument of government counsel that Petitioner has not met the burden of proof required by *Strickland* v. *Washington*, 466 U.S. 668 (1984) as follows:

**DEFICIENT PERFORMANCE**

    As a result of the enormous number of defendants who plead guilty in federal court, the effective assistance of counsel at sentencing is vital. *Lafler v. Cooper, 132 S. Ct. 1376*, 1385-86 (2012) (affirming that Sixth Amendment right to effective assistance of counsel applies at sentencing). The professional and constitutional obligations of defense counsel in non-capital sentencing hearings have taken on the heightened significance of capital cases since the Supreme Court's 2005 ruling in *United States v. Booker, 543 U.S. 220 (2005)*.

Trial counsel's failure to recognize the viability of an insanity defense or present a mitigation specialist at sentencing, given the record of Mr. Turner's history of mental illness should be deemed by this Court to be ineffective assistance of counsel. Mental Health Experts and Mitigation Specialists possess clinical and information-gathering skills and training that most lawyers, including Mr. Shabazz, simply don't have. In the case of psychologists or psychiatrists, they have trained for years to diagnose mental illness issues and elicit sensitive, embarrassing and often humiliating evidence (e.g., family sexual abuse) that a defendant may never disclose to counsel. They have the clinical skills to recognize such things as congenital, mental or neurological conditions, and to understand how these conditions may have affected the defendant's development and behavior.

Mr. Shabazz, a very well respected defense attorney among his peers was acutely aware Mr. Turner was facing prosecution for very heinous crimes that if he were convicted of he would be facing life in prison. (D.E. 20-1, Affidavit, Page ID# 2.) Mr. Shabazz should have divested himself of being the sole judge of Mr. Turner's sanity in light of "how abnormal" Mr. Turner's alleged deviant conduct was described in the Indictment and the punishment he was facing. The Supreme Court has uniformly rejected that defense counsel can make a so- called "strategic decision" to limit or abandon mitigation investigation. *Wiggins v. Smith, 539 U.S. 510, 524 (2003)* Likewise, counsel cannot "'sit idly by, thinking that investigation would be futile. ABA Guidelines in Death Penalty Cases, supra note 30, at 1021.

Regarding mitigation at sentencing Mr. Shabazz pondered the need for a specialist, discussed the matter with his client and then chose not to pursue that avenue, an avenue he admits in his affidavit he would now definitely travel down. (D.E. 20-1, Affidavit, Page ID# 2.)

## PREJUDICE

Counsel for the government argues Mr. Turner has not been prejudiced by his trial counsel's ineffective assistance because the Court was provided with a great deal of mitigating information and counsel has not suggested what other mitigation an expert might provide that would impact the Court's sentencing decision. (D.E. 20, Government Response, Page ID # 94-95.) Further argument claims there is no evidence the failure to investigate an insanity defense is prejudicial. (Id.at Page ID #94.) Like Mr. Shabazz, and most criminal defense attorneys, Mr. Turner's current counsel has neither the skill nor training of a mental health expert. Counsel can only speculate that if a mental health expert was engaged to assist Mr. Turner, he or she might find support for or shed insight on a genuine insanity defense or mitigation support for Mr. Turner to persuade this court an insanity defense might be appropriate or that such a lofty sentence was greater than necessary. Government counsel questions throughout her submission as to what specific evidence a mental health expert or mitigation specialist might testify to, which might have led to an insanity defense or mitigation at sentencing. That question can only be answered by consulting with a mental health expert and mitigation specialist, which Mr. Shabazz failed to do.

3

## CONCLUSION

Mr. Turner is serving his sentence in a federal facility in Arizona. The cost of obtaining an expert who can interview him and testify in court would be significant. Counsel would not ask the Court to approve that type of expense unless the Court feels a hearing in this matter is necessary. Should the Court make that determination counsel would set out to find an expert or experts to assist counsel in this matter. If the Court is not inclined to require Mr. Turner be examined by a mental health expert counsel would still ask the Court to grant Mr. turner's requested relief based upon the arguments presented in this filing and the Amended Petition previously submitted. (D.E. #2: Memorandum in Support of Petition for Relief under 28 U.S.C. § 2255; D.E. #12: Amended Petition).

Respectfully Submitted,

/S/ LAWRENCE J. ARNKOFF
**LAWRENCE J. ARNKOFF**
**TENNESSEE BAR** # 026140
**ATTORNEY FOR DEFENDANT**
Larnkoff@gmail.com
**5115 MARYLAND WAY**
**BRENTWOOD TN 37027**
**TEL: 615 973 4570, FAX: 615 371 5327**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this reply brief was filed in the ECF system, which will provide a copy to AUSA S. Carran Daughtrey this 9th day of December 2020.

/S/ LAWRENCE J. ARNKOFF
**LAWRENCE J. ARNKOFF**
**TENNESSEE BAR** # 026140
**ATTORNEY FOR DEFENDANT**
Larnkoff@gmail.com
**5115 MARYLAND WAY**
**BRENTWOOD TN 37027**
**TEL: 615 973 4570, FAX: 615 371 5327**