UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JARRATT TURNER, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 3:19-cv-00848 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Jarratt Turner's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. §2255 (the "Amended Petition") (Doc. No. 12). Turner argues that his 17 convictions in case number 3:15-cr-00091-1 should be vacated because his attorney at the time, Mr. Dumaka Shabazz, was ineffective when he failed to hire a mental health expert prior to trial and at sentencing. (Doc. No. 12 at 3). However, Turner offers no evidence that he was prejudiced by Shabazz's failure to secure such an expert. (Doc. No. 30 at 1). For the following reasons, the Amended Petition (Doc. No. 12) will be denied.

**I.  BACKGROUND**

On April 27, 2018, Jarratt Turner was sentenced to 1,260 months' imprisonment and lifetime supervised release for 16 counts of Coercing a Minor to Engage in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(d); and a single count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2256(8)(A) and 18 U.S.C. § 225A (a) and (b). (Case No. 3:15-cr-00091-1; Doc. No. 110). Proceeding *pro se*, Turner filed a Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. §2255 (Doc. No. 1), and, on July 30, 2020, amended that petition with the assistance of counsel, arguing for relief

on two grounds: (1) that Shabazz was ineffective as a result of his failure to investigate the possibility of an insanity defense and his failure to engage the services of a mental health expert to assist in the investigation; and (2) that Shabazz was ineffective in his failure to engage the services of a mental health expert for mitigation at sentencing. (Doc. No. 12 at 3).

After full briefing by the parties, on September 15, 2022, the Court held a telephonic status conference on whether an evidentiary hearing would assist the Court in ruling on the Amended Petition, (Doc. Nos. 22), and offered Turner time prior to any evidentiary hearing to secure an expert who could substantiate his claim. On October 30, 2022, Turner filed notice stating that "counsel was unable to find an expert willing to evaluate him and testify on his behalf," "withdrawing his [] request for an evidentiary hearing," and asking the Court to "rule on the written submissions that have been filed in this case." (Doc. No. 30 at 1).

## II. LEGAL STANDARD

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack...." 28 U.S.C. § 2255. To obtain relief under 28 U.S.C. § 2255 ("§ 2255") because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. Massaro v. United States, 538 U.S. 500, 508–09 (2003). To succeed on such a claim, a petitioner must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1987).

First, he must identify specific acts or omissions to prove that counsel's performance was deficient, and that counsel did not provide "reasonably effective assistance," Strickland, 466 U.S. at 687, as measured by "prevailing professional norms." Rompilla v. Beard, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. Mason v. Mitchell, 320 F.3d 604, 616–17 (6th Cir. 2003); see also Strickland, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must establish that he was prejudiced by his attorney's constitutionally deficient representation—i.e. that there is "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691; see also Smith v. Robbins, 528 U.S. 259, 285–86 (2000). Where an alleged error of counsel is a failure to advise the Defendant of a potential affirmative defense, the resolution of the "prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Where the alleged prejudice stems from a deficient investigation or presentation of mitigating evidence, the habeas petitioner must present new evidence that "differ[s] in a substantial way—in strength and subject matter—from the evidence actually presented at sentencing." Hill v. Mitchell, 400 F.3d 308, 319 (6th Cir 2005).

Because a petitioner "must satisfy both prongs of Strickland to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." Nichols v. United States, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); accord Strickland, 466 U.S. at 697. Thus, "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

III.   ANALYSIS

   A.   The Amended Petition Fails for Lack of Evidence Demonstrating Prejudice.[1]

Petitioner argues that "had counsel properly investigated the development of an insanity defense and mitigation evidence in the form of a psychological evaluation, the likelihood is that an insanity defense as well as mitigating evidence . . . would have been sufficient to undermine confidence in the outcomes reached." (Doc. No. 12 at 14). Although this is possible, it is by no means necessarily true, and his § 2255 claim hinges on presenting new evidence that "differ[s] in a substantial way . . . from the evidence actually presented . . . ." Hill, 400 F.3d at 319. Without the psychological evaluation that Petitioner describes, the Court can only speculate as to whether Turner was prejudiced. Lockhart, 474 U.S. at 59. For this reason, the Court granted Petitioner's request for an evidentiary hearing to substantiate his otherwise unsupported argument. (See generally Doc. No. 24).

Turner understood the importance of this evidence. Indeed, in his Reply Memorandum, he acknowledged that "what specific evidence a mental health expert or mitigation specialist might testify to which might have led to an insanity defense or mitigation at sentencing . . . [could] only

---

[1] The Court will assume that Shabazz's conduct was constitutionally ineffective as the Court need only address prejudice.

be answered by consulting with a mental health expert and mitigation specialist." (Doc. No. 21 at 3). Still, on October 30, 2022, Turner withdrew his request for an evidentiary hearing for failure to find an expert witness willing to evaluate him and requested that this Court "rule on the submissions that have been filed in this case." (Doc. No. 30 at 1).

Petitioner offers nothing to show that a mental health or mitigation expert would reach his desired conclusions or that such an expert's testimony has a reasonable probability of swaying a jury or a sentencing judge. Instead, he asks the Court to consider the same facts that were before Mr. Shabazz and stack presumption on presumption in order to reach the conclusion that Petitioner's Sixth Amendment rights were violated. (Doc. Nos. 21 at 3; 30 at 1). Petitioner has not presented any specific evidence to support his suggestion that an insanity defense was viable, let alone that such a defense would likely result in a jury finding him not guilty by reason of insanity, nor has he offered any specific evidence to show that a mitigation expert's input would have impacted his sentence. (Id.) Such an unsupported § 2255 claim cannot succeed. Hill, 400 F.3d at 319.

IV. CONCLUSION

For the foregoing reasons, Turner's Amended Petition (Doc. No. 12) is **DENIED**.

IT IS SO ORDERED

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE